UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARCELLUS MCMURRAY,

Plaintiff,

-against-

JO ANN MATOS, et al,

Defendants.

26-CV-6072 (LTS)

ORDER DIRECTING SIGNATURE AND AMENDED IFP APPLICATION
(incarcerated individuals)

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action *pro se*. Plaintiff submitted the application to proceed without prepayment of fees ("IFP application") without a signature. Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

Plaintiff's IFP application is incomplete because he did not include the second page of the application. (ECF No. 2.) Plaintiff is therefore directed to submit an amended IFP application with an original signature to the court within thirty days of the date of this order. The signed document must be labeled with docket number 26-CV-6072 (LTS). An amended IFP application form is attached to this order.

No summonses shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: July 29, 2026
New York, New York

/s/Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge